**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3904-21

WICK SHOPPING PLAZA
ASSOCIATES, LLC,

     Plaintiff-Respondent,

v.

NANDANA LLC, SHIVAJI
LIMITED LIABILITY
COMPANY, HARIVENKATESH
RADHAKRISHNAN,
SARAVANAN THANGARAJU,
and PRADEEP KUMAR
VASIREDDI,

     Defendants,

and

SURESH MUTHUPANDI,

     Defendant-Appellant.

_____

Submitted January 9, 2024 – Decided February 29, 2024

Before Judges Gooden Brown and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-0245-21.

Suresh Muthupandi, appellant pro se.

Jamison & Jamison, attorneys for respondent (Paul Thomas Jamison, on the brief).

PER CURIAM

Defendant Suresh Muthupandi (defendant) appeals from the trial court's July 8, 2022 judgment and order awarding legal fees and costs to plaintiff Wick Shopping Plaza Associates, LLC totaling $52,658.89. We affirm in part and reverse and remand in part for entry of an amended judgment.

I.

Because we write primarily for the parties, who are familiar with the record, we limit our recitation to those facts necessary to decide the issues on appeal. In January 2015, Nandana, LLC (Nandana) executed a lease to rent plaintiff's commercial property in Edison. Defendant signed a personal guaranty of all the obligations under the lease. In March 2015, Nandana assigned the lease to Shivaji Limited Liability Company (Shivaji), and defendant reaffirmed his obligations under the lease.

In 2020, defendant and Shivaji failed to pay rent and other obligations due under the lease. In June 2020, plaintiff served defendant notice of arrears

2                                                          A-3904-21

totaling $15,211.98. Pursuant to the lease terms, defendant had three days to pay the arrears to cure the breach, but he failed to do so. The following month, plaintiff served defendant notice that he was considered a holdover tenant on a month-to-month basis because the lease had expired in April. On two weeks' notice to plaintiff, defendant vacated the premises on December 15, 2020.

Plaintiff filed a complaint alleging breach of contract and seeking to enforce plaintiff's personal guaranty. On June 8 and 9, 2023, the court conducted a trial without a jury. Among other witnesses, plaintiff's bookkeeper testified to the various amounts plaintiff claimed were due, relying in part on a detailed spreadsheet entered into the record. Although defendant did not contest liability, he disputed the amount owed.

On June 9, 2022, the court found in favor of plaintiff, memorializing its reasons in an oral decision on the record:

> What this [c]ourt is grappling with is what is that amount to be paid? We have the plaintiff's counsel who summarized that his belief, based on accounting and all of his witnesses['] testimony, is that $60,437.78 is due without any credits for pre-payments and payments, for instance, with security deposit of the rent and of utilities as an example.
>
> The defendant does not argue that rent and common area maintenance charges are to be paid but does argue the following. Well, the [c]ourt finds the following. The [c]ourt finds that judgment shall be in

3

A-3904-21

favor of the plaintiff. However, that amount, this is under the [seven]-day rule.[1] I'm going to ask counsel for plaintiff to come up with an accounting in the form of an order.

Show it to defense counsel as well. You're going to come up with a dollar certain. Because the [c]ourt is not equipped to go through P-12 and take out the following charges. The judgment amount shall, of course, reflect the proper credits for security deposits and other credits. But the [c]ourt will specifically disallow any accrued interest on amounts paid or due for either sewer or water during the period of 2020.

The [c]ourt shall not permit any late charges or interest accrued for that sewer or water payment. . . .

. . . The [c]ourt instructs the plaintiff's counsel to attach to this under the [seven]-day rule a detailed interest breakdown of all amounts that are due and all interest that will be charged thereupon.

The [c]ourt also finds that the defendant vacated the premises as of November [30], 2020. And so no interest, no rent, no common area maintenance or any other charges, including any accrued interest thereon will be permitted after November 30[], 2020.

The judge urged counsel to consult with each other to arrive at a dollar amount "agreed upon by all of the parties," because he was "loath[] to try to come up [with] a dollar amount, considering that much of this . . . [was] mired in accruing and continued accruing interest costs . . . on charges that [were] not

---

[1] Rule 1:5-1.

A-3904-21

. . . permitted." The court also denied without prejudice plaintiff's motion for attorney's fees, subject to its filing a conforming motion and supporting documentation pursuant to Rule 4:42-9(b).

Plaintiff re-filed a motion for attorney's fees along with its proposed order of judgment. Plaintiff also filed a certification of counsel that explained its revised accounting which reversed certain charges, fees and interest. Appended to the certification were two spreadsheets: an amended version of the accounting the bookkeeper referred to at trial, showing the reversal of amounts disallowed by the court; and a detail of the amounts due and payments made for sewer, water, rent, taxes, insurance, late fees and interest. The total amount sought was $34,934.09, which included outstanding sewer charges totaling $5,417.86 and interest totaling $8,162.60.

Defendant submitted a letter asserting the correct amount of the sewer bill was $3,350.92, objecting to the attorney's fees billed for updating and creating the spreadsheets, and generally disputing plaintiff's accounting.

On July 8, 2022, the court entered judgment in favor of plaintiff for $52,658.89, comprised of the $34,934.09 judgment plus $17,724.80 in attorney's fees and costs. The court's order states:

> Plaintiff is permitted to recover reasonable attorney's fees pursuant to R. 4:88-4 and R. 4:42-9(b). However,

it is not reasonable to compensate [p]laintiff's attorney for travel time and time spent creating a spreadsheet for this [c]ourt to distill [p]laintiff's "Aging Detail" document. Fees have been accordingly reduced.

This appeal follows.

Although defendant's brief points are not a model of clarity, we glean he seeks to raise three issues: he was ordered to pay an incorrect amount for sewer charges; he should not have to pay attorney's fees related to correcting plaintiff's books; and the eighteen percent interest should have been calculated on the outstanding balance of the security deposit, not on the outstanding balance owed after defendant moved out of the premises. Plaintiff's brief on appeal contends the sewer charges were correct and the attorney's fee award was within the court's discretion, but does not squarely address the issue of interest.

II.

A court's findings "are considered binding on appeal when supported by adequate, substantial and credible evidence." Rova Farms Resort, Inc. v. Invs. Ins. Co., 65 N.J. 474, 484 (1974). On appeal from a bench trial, this court "give[s] deference to the trial court that heard the witnesses, sifted the competing evidence, and made reasoned conclusions." Griepenburg v. Twp. of Ocean, 220 N.J. 239, 254 (2015).

A-3904-21

This court should not "disturb the factual findings and legal conclusions of the trial judge unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant, and reasonably credible evidence as to offend the interests of justice." Rova Farms, 65 N.J. at 484 (quoting Fagliarone v. Twp. of N. Bergen, 78 N.J. Super. 154, 155 (1963)).

"[A] reviewing court will disturb a trial court's award of counsel fees 'only on the rarest of occasion, and then only because of a clear abuse of discretion.'" Litton Indus., Inc. v. IMO Indus., Inc., 200 N.J. 372, 386 (2009) (quoting Packard-Bamberger & Co., Inc. v. Collier, 167 N.J. 427, 444 (2001) (internal quotation marks omitted)).

Guided by these standards, we address defendant's contentions in turn. With regard to the sewer charges, defendant's claim the court awarded the incorrect amount is belied by the documentation in the record. The bookkeeper's testimony, which was supported by the spreadsheet and copies of the estimated and actual sewer bills, established defendant owed $1,066.94[2] for 2018 (billed

---

[2] Defendant's figures do not include any amount owed for 2018, but the record reflects a bill of $2,066.94 with a payment of $1,000, leaving $1,066.94 outstanding. Although the accounting incorrectly reflected $2,066.94 as the amount due, apparently the correct figure was used in calculating the total amount due, as noted above.

in 2019); $2,028.62 for 2019 (billed in 2020); and $1,322.30[3] in 2020 (billed in 2021), for a total of $5,417.86. We are unpersuaded by defendant's argument he owed a lesser sum. The court's order for this amount is supported by the evidence in the record, and we see no reason to disturb it.

As to the attorney's fees, plaintiff's motion was supported by an itemized certificate of legal services and costs. Contrary to defendant's contention, the trial court disallowed travel time and time billed for creating a spreadsheet. The amount sought by plaintiff, $22,575 for 64.5 hours billed, was reduced by $5,670 for 16.2 hours billed for travel time and work on the spreadsheets, resulting in a fee award of $16,905. We discern no abuse of discretion in the court's order for attorney's fees.

We reach a different conclusion with regard to the amount ordered in interest. Because defendant vacated the premises on November 30, 2020, the court ordered "no interest, no rent, no common area maintenance or any other charges, including any accrued interest thereon" would be awarded after that

---

[3] Because the township billed an estimated sewer bill, which it then adjusted with the actual usage, the amount due for 2020 usage was reflected in the accounting as the estimated bill of $2,066.94 minus the actual bill of $1,322.30 for a credit of $744.64. We note the May 19, 2022 invoice prepared by plaintiff incorrectly reflected the actual bill is $1,332.30 but nevertheless correctly calculated the credit as $744.64.

date.  Counsel's certification explaining the proposed judgment did not address this reduction, and the spreadsheets reflected charges of $478.19 in January 2021 for interest accrued in December 2020, $5,639.30 for interest accrued in 2021, and $2,458.42 for interest accrued from January 1 through June 17, 2022. However, it appears that the 2022 interest was entered in the incorrect column on the summary spreadsheet and therefore was not included in the total amount of interest calculated as due.

Because the court disallowed any interest accruing after November 30, 2020, its subsequent order including $6,117.49 in interest charged after that date was not supported by the record.  Accordingly, we reverse that portion of the court's order and remand for entry of an amended order reducing the judgment amount from $34,934.09 to $28,816.60.

Affirmed in part, reversed and remanded in part.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3904-21